NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSA MATIAS PABLO; et al.,

        Petitioners,

  v.

JEFFERSON B. SESSIONS III, Attorney General,

        Respondent.

No.   17-70272

Agency Nos.   A206-908-860
                  A206-908-859

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Rosa Matias Pablo and her daughter, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's conclusion that petitioners did not establish the harm they experienced or fear was or will be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (to establish causal nexus to a protected ground, applicant must provide some evidence of motive, direct or circumstantial); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) ("mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"). Thus, petitioners' asylum, including humanitarian asylum, and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**

17-70272